**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ETHEL LOU WEST AND JAMES WEST, JR.**, <br><br> **Plaintiffs**, <br><br> v. <br><br> **SOCIAL SECURITY ADMINISTRATION,** <br><br> **Defendant**. | Civil Action No. 16-1282 (RDM) |

**MEMORANDUM OPINION**

Plaintiffs Ethel Lou West and James West, Jr. filed a complaint against the Social Security Administration on June 23, 2016, alleging underpayment of social security benefits. Dkt. 1 at 5.  Although Plaintiffs' complaint indicates that they live in Fort Worth, Texas, *id.* at 2, Plaintiffs filed their complaint against Defendant in the United States District Court for the District of Columbia, *id.* at 1.

On November 22, 2016, Defendant moved for a change of venue pursuant to Federal Rule of Civil Procedure 12(b)(3).  Dkt. 5.  Defendant pointed out that Plaintiffs were required to bring their action "in the district court of the United States for the judicial district in which [they] reside[] or [have their] principal place of business," 42 U.S.C. § 405(g), and, accordingly, requested that the Wests' case "be transferred to the district of [their] residence . . . [,] which is the United States District Court for the Northern District of Texas." *Id.* at 3.  The Court issued a minute order on November 28, 2016, ordering Plaintiffs to respond to Defendant's motion, and, although the minute order was mailed to each of the plaintiffs at the address listed in their complaint, both mailings were returned to the Court as undeliverable.  *See* Dkts. 6, 7.

On December 14, 2016, the Court emailed Plaintiffs at the email address referenced in their complaint, *see* Dkt. 1 at 2, and requested that Plaintiffs provide the Court with "the best mailing address at which to reach" them. Defendant's counsel was copied on this email. Later that same day, the Court received an unsigned email response containing a Missouri address, as well as a telephone number not previously listed in the Wests' complaint. The email did not explain whether the Missouri address was valid for either or both of the plaintiffs, whether the address was a mailing or residential address, or whether either or both of the plaintiffs had changed their place of residence. Roughly a week later, the Court issued another minute order, this time ordering Plaintiffs to "provide the Court . . . with the address at which each currently resides and, if different from their residential addresses, mailing addresses at which they wish to receive mail from the Court." Minute Order, Dec. 22, 2016. This minute order was mailed to Plaintiffs at both the Texas address listed in their complaint, as well as the Missouri address provided by email, and the deputy clerk attempted to contact Plaintiffs at the telephone numbers listed in their complaint and their email with no success. On January 13, 2017, the mailings sending the Court's December 22, 2016, minute order to Plaintiffs' Texas address were, once again, returned as undeliverable. *See* Dkts. 8, 9. To date, Plaintiffs have not responded to Defendant's motion to transfer or to the Court's minute order directing that they update their place of residence with the Court.

As Defendant correctly notes, a plaintiff may only "obtain a review of [a social security benefits] decision by a civil action commenced . . . in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia." 42 U.S.C. § 405(g). Here, it appears

that Plaintiffs either reside in the Northern District of Texas or the Western District of Missouri, and, accordingly, should have filed their complaint in one of those two districts.  Plaintiffs have offered no evidence indicating that they reside or have a principal place of business in the District of Columbia, nor have they suggested that they do not reside or have a principal place of business within *any* judicial district.  As such, venue in this district is not proper.

Although the Court would ordinarily grant Defendant's motion to transfer Plaintiffs' case to the appropriate district, *see* 28 U.S.C. § 1404(a) ("[I]n the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought."), here, the Court is unable to ascertain in *which* district each plaintiff currently resides.  As a result, the Court will deny Defendant's motion to transfer and will dismiss Plaintiffs' case without prejudice for failure to file their complaint in the proper venue.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  February 6, 2017